JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 00438

------------------------------------------X

JOYCE B. RHEINGOLD, Individually, and on
behalf of all others similarly situated,

                 Plaintiffs,

   - against -

MERCK & CO., INC. and SCHERING
CORPORATION D/B/A SCHERING-PLOUGH
CORPORATION, and  MERCK/SCHERING-PLOUGH
PHARMACEUTICALS

                 Defendants.

------------------------------------------X

Jury Trial Demanded

**VERIFIED CLASS
ACTION COMPLAINT**

RECEIVED JAN 17 2008 U.S.D.C. S.D.N.Y.

     Plaintiff JOYCE B. RHEINGOLD, by counsel and on behalf of

herself and all others similarly situated, individually and as

class representative, for her Class Action Complaint against

Defendants MERCK & CO., INC.; SCHERING CORPORATION D/B/A

SCHERING-PLOUGH CORPORATION; and MERCK/SCHERING-PLOUGH

PHARMACEUTICALS ("Defendants"), alleges, upon information and

belief, except for the allegations concerning Plaintiff's own

actions, as follows:

### I. INTRODUCTION; PARTIES; GENERAL ALLEGATIONS

   1.  Plaintiff Joyce B. Rheingold is a citizen of New York

State and resides in the Southern District New York.

   2. Defendant Merck & Co., Inc. ("Merck") is a foreign

corporation organized under the laws of the State of New Jersey

and authorized to do business in the State of New York and

manufactures and sells drugs.

   3.  Defendant Schering Corporation d/b/a Schering-Plough

Corporation ("Schering") is a foreign corporation organized under

the laws of the State of New Jersey and authorized to do business in the State of New York and manufactures and sells drugs.

4.  Defendant Merck/Schering-Plough Pharmaceuticals ("Merck/Schering") is a joint venture between Merck & Co., Inc. and Schering Corporation for the purpose of selling Vytorin and Zetia and it shared the profits from said sales.

5.  Zocor (simvastatin) is a statin drug promoted for cholesterol reduction.

6.  Zetia (ezetimibe) is a drug promoted for cholesterol reduction.

7.  Vytorin is a drug that combines Zetia and Zocor.

8.  Zetia was approved by the FDA in 2002.

9.  Vytorin was approved by the FDA in 2004.

10.  Defendants Merck/Schering, Merck and Schering engaged in a joint marketing scheme for Vytorin and Zetia.

11.  Defendants represented that through the reduction of the bad type of cholesterol, the heart health of users would benefit, with the implication that less heart attacks would occur in users of these drugs.

12.  These representation were made directly to the users of the drugs as well as the prescribing physicians and others.

13.  On January 14, 2008, defendants made public for the first time the results of the ENHANCE study which had been performed in 2006 to determine the effectiveness and safety of their said products.

14.    The results of the study showed that not only did the said drugs not reduce the advance of the formation of fatty plaques whose rupture cause heart attacks, but that they may actually have increased their development.

15.    The release of this information was caused by demands from the United States House Energy and Commerce Committee, which had been probing the delay in their disclosure.

16.    The chairman of a subcommittee of the said House committee stated on January 14, 2008, that the delay of almost two years in releasing the negative information about the drugs led to a conclusion that the delay was intentional.

17.    The results of the study were purposely concealed in order to enhance sales of the drugs.

18.    Properly informed users of said drugs would not have purchased and used said drugs.

19.    There were many other more effective and safe drugs on the market that reduce cholesterol and reduce the risk of heart attacks at the time that the aforementioned drugs were sold.

20.    Defendants misrepresented the safety and efficacy of the drugs.

21.    Joyce B. Rheingold used Zetia from 2005 through 2007.

22.    Defendants Merck, Schering and Merck/Schering acted together and in concert with respect to the actions alleged in this complaint and their actions may be imputed to each other inasmuch.

## MSP PLAINTIFF

23.  Plaintiff Joyce B. Rheingold is a Medicare beneficiary and serves for the purposes of this Complaint as an exemplar and as a private attorney general under the Medicare Secondary Payor Act ("MSP"). Medicare has paid and is being charged for the medical expenditures resulting from Zetia and Vytorin. Medicare has paid and is charged for the medical expenditures from the subject drugs.

## JURISDICTIONAL ALLEGATIONS

24.  This court has diversity jurisdiction by virtue of 28 U.S.C. §1332 because the defendants are citizens of the State of New Jersey and the named class member is a citizen of the State of New York and members of the Class alleged herein include persons who are citizens of States other than New Jersey.

25.  This Court has subject matter jurisdiction over this matter pursuant 28 U.S.C. § 1332(d)(2)("CAFA"); the action is a putative class action pursuant to Federal Rule of Civil Procedure 23, and the amount in controversy, aggregated, exceeds the sum of $5 million, exclusive of interests and costs.

26.  Venue is appropriate in this district because plaintiff resides within it.

27.  This Court can issue declaratory and/or equitable relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## CLASS ACTION ALLEGATIONS

28.   Plaintiff brings this class action pursuant to F.R.C.P. 23 on behalf of herself and a class consisting of all individuals in the United States who purchased Zetia or Vytorin (the "Class") from the dates they were initially put on the market through the present (the "Class Period").  Excluded from the Class are defendants, any entity in which defendants have a controlling interest, and any of their subsidiaries, affiliates, and officers and directors.

29.   The Class consists of millions of persons in New York and throughout the United States.

30.   Upon information and belief, millions of doses of Zetia and Vytorin were sold during the Class Period, and thus, numerosity is satisfied.

31.   Plaintiff's claims involve common issues of law and fact because plaintiff and other members of the Class were similarly affected by defendants' wrongful conduct.

32.   Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has no relationship with defendants except as a customer of defendants' product Zetia. Plaintiff will vigorously pursue this action on behalf of the Class, and plaintiff has no and does not know of any conflicts of interest with any other Class members in this class action.

33.   Plaintiff has retained counsel competent and experienced in class and consumer litigation.

34.  Common issues of law and fact exist as to defectiveness, labeling, warning, failure to recall, knowledge and duty, and these predominate over individual issues.

35. This class action is an appropriate and superior method for the fair and efficient adjudication of the issues in this case because of the following:

i.  Common issues of law and/or fact predominate over any individual issues, and thus, there are large economies to both the courts and the Class in litigating the common issues on a class-wide basis instead of on a individual basis one-by-one;

ii.  The individual claims of Class members are too small, thereby making individual litigation an economically impracticable alternative;

iii.  It will be cost efficient and economies of scale will be achieved if the common issues in this class action are litigation together, rather than separately;

iv.  There are no significant difficulties likely to be encountered in the management of this class action; and

v.  Class adjudication is a fair and efficient method because prosecution of separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that may be dispositive of the interests of other entities not parties to the action or substantially impair or impede their ability to protect their interests.

## FIRST CAUSE OF ACTION - NEGLIGENCE

36. Plaintiff hereby incorporates by reference paragraphs one through thirty-four as if fully set forth herein.

37. Defendants were careless in designing, testing, manufacturing, marketing, distributing and selling Zetia and Vytorin despite the fact that they were not effective at accomplishing their stated uses.

38. Defendants had knowledge of Zetia and Vytorin's lack of utility yet failed in their duties to recall the drugs or to alert physicians and users of the need to replace them with an effective alternative.

39. As a proximate result of the aforementioned negligence of defendants, plaintiff Joyce B. Rheingold and the members of the class and subclasses sustained economic damages.

## SECOND CAUSE OF ACTION - BREACH OF WARRANTY

40. Plaintiff hereby incorporates by reference paragraphs one through thirty-eight as if fully set forth herein.

41. Defendants impliedly warranted that Zetia and Vytorin were merchantable.

42. Zetia was not merchantable under the law because it did not perform its intended function.

43. Vytorin was not merchantable under the law because it did not perform its intended function.

44. Defendants expressly warranted that Zetia and Vytorin were effective in accomplishing their intended uses.

45. Zetia was not effective in accomplishing its intended use.

46. Vytorin was not effective in accomplishing its intended use.

47. Accordingly, defendants have breached the applicable warranties, express and implied, and are therefore liable to plaintiff.

48. As a direct and proximate result of defendants' breach of implied warranty, plaintiff and members of the Class have sustained economic losses and other damages for which they are entitled to damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION - UNJUST ENRICHMENT

49. Plaintiff hereby incorporates by reference paragraphs one through forty-nine as if fully set forth herein.

50. Defendants obtained monies from the marketing, labeling and/or sale of Zetia and Vytorin.

51. When considered under the totality of the circumstances, as described above, defendants have been unjustly enriched to the detriment of plaintiff and the members of the Class by the retention of consumer's purchase monies received directly or indirectly by Defendants.

52. This enrichment was conferred on defendants by consumers as a direct result of the failures, omissions and deceptive and fraudulent conduct of defendants.

53. Defendants' retention of monies they have gained through

their failures, omissions and deceptive and fraudulent conduct would be unjust considering the totality of the circumstances. Defendants should be ordered to disgorge their unjustly obtained monies and to make restitution to plaintiff and the members of the Class in amounts to be determined.

### FORTH CAUSE OF ACTION - MISREPRESENTATION

54. Plaintiff hereby incorporates by reference paragraphs one through fifty-four as if fully set forth herein.

55. Pursuant to New York Gen. Bus. L. § 349, *et seq.*, and other similar state consumer fraud and/or unfair and deceptive trade practices acts, defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the manufacturing, marketing, labeling and sale of Zetia and Vytorin.

56. Defendants misrepresented the efficacy of Zetia and Vytorin and fraudulently, intentionally, recklessly or negligently concealed material adverse information regarding the efficacy of Zetia and Vytorin when they had a duty to disclose such information to the consuming public, including plaintiff.

57. Defendants made false or misleading statements and omissions about the safety of Zetia and Vytorin in its labeling, advertising, promotional materials, and other marketing efforts.

58. Defendants made these misrepresentations and actively concealed adverse information at a time when they knew, or should have known because they were in a superior position to know, that Zetia and Vytorin had characteristics that were other than what

defendants had represented to the FDA, the medical profession and the public, including the plaintiff. Alternatively, defendants made the statements with reckless disregard for their truth or falsity.

59. The facts misrepresented or not fully disclosed were material.

60. Defendants made these misrepresentations and actively concealed this information with the intention that plaintiff, class members, their physicians and the consuming public would rely on the misrepresentations or omissions in selecting Zetia and Vytorin for purchase and use.

61. Defendants should have reasonably foreseen that plaintiff and persons similarly situated were likely to rely on the facts misrepresented or not disclosed.

62. Plaintiff, class members and their prescribing physicians reasonably relied on and were induced by defendants' misrepresentations and/or active concealment in selecting and using Zetia and Vytorin.

63. Plaintiff and the members of the Class sustained losses as a direct and proximate result of defendant's misrepresentations or active concealment of information.

## MEDICARE SECONDARY PAYOR CLAIMS

64. Plaintiff hereby incorporates by reference paragraphs one through sixty-four as if fully set forth herein.

65. Causes of action Five through Eight below are asserted

on behalf of the class members who are Medicare Secondary Payor
plaintiffs. As used in causes of action five through eight, the
term "plaintiffs" refers only to Medicare Secondary Payor
plaintiffs.

### FIFTH CAUSE OF ACTION –

### BREACH OF ASSUMED CONTRACTUAL WARRANTY OBLIGATIONS

66.  Plaintiffs hereby incorporate by reference paragraphs
one through sixty-six as if fully set forth herein.

67.  Defendants have acknowledged their obligations as first
party insurers by providing express and /or implied warranties
directly to consumers of their products, specifically Zetia and
Vytorin.

68.  Defendants have an obligation to repay plaintiffs for
all costs incurred relating to Zetia and Vytorin because they
have acknowledged a responsibility under their warranties to make
payment with regard to those drugs.

69.  As a direct and proximate result of defendants' wrongful
conduct, plaintiffs have suffered damages including health care
costs that have been paid by them in an amount to be proven at
trial.

70.  Defendants are liable to plaintiffs jointly and/or
severally for all general, special and equitable relief to which
plaintiffs are entitle by law.

## SIXTH CAUSE OF ACTION – LIABILITY AS FIRST-PARTY INSURER UNDER

## MSP: AGREEMENT TO PAY MEDICAL COSTS

71.  Plaintiffs hereby incorporate by reference paragraphs one through seventy-one as if fully set forth herein.

72.  Defendants are first party insurers under the MSP as courts have interpreted that statute from time to time.

73.  Defendants have acknowledged their obligations as first party insurers by agreeing to medical costs incurred in connection with Zetia and Vytorin.

74.  By defendants' acknowledgment to pay such costs they are a primary plan within the meaning of 42 U.S.C. § 1395y(b)(2)(A).

75.  Defendants have an obligation to repay Medicare for all costs incurred relating to Zetia and Vytorin because they have acknowledged responsibility to make said payments as required by 42 U.S.C. § 1395y(b)(2)(B)(ii).

76.  A private cause of action for such recovery is provided by 42 U.S.C. § 1395y(3)(A) because defendants have failed and refused to make the payments required by 42 U.S.C. § 1395y(b)(2)(A).

77.  As a direct and proximate result of defendants' wrongful conduct, plaintiffs have suffered damages including health care costs that have been paid by them in an amount to be proven at trial.

78.  Defendants are liable to plaintiffs jointly and/or severally for all general, special and equitable relief to which

plaintiffs are entitle by law including mandatory double damages pursuant to 42 U.S.C. § 1395y(3)(A).

## SEVENTH CAUSE OF ACTION - LIABILITY AS FIRST-PARTY INSURER UNDER MSP: PROVISION OF EXPRESS AND IMPLIED WARRANTIES

79.  Plaintiffs hereby incorporate by reference paragraphs one through seventy-nine as if fully set forth herein.

80.  Defendants are first party insurers under the MSP as courts have interpreted that statute from time to time.

81.  Defendants have acknowledged their obligations as first party insurers by providing express and /or implied warranties directly to consumers of their products, specifically Zetia and Vytorin.

82.  By defendants' provision of implied warranties, they are a primary plan within the meaning of 42 U.S.C. § 1395y(b)(2)(A).

83.  Defendants have an obligation to repay Medicare for all costs incurred relating to Zetia and Vytorin because they have acknowledged responsibility under their warranties to make said payments as required by 42 U.S.C. § 1395y(b)(2)(B)(ii).

84.  A private cause of action for such recovery is provided by 42 U.S.C. § 1395y(3)(A) because defendants have failed and refused to make the payments required by 42 U.S.C. § 1395y(b)(2)(A).

85.  As a direct and proximate result of defendants' wrongful conduct, plaintiffs have suffered damages including health care costs that have been paid by them in an amount to be proven at

trial.

86.   Defendants are liable to plaintiffs jointly and/or severally for all general, special and equitable relief to which plaintiffs are entitle by law including mandatory double damages pursuant to 42 U.S.C. § 1395y(3)(A).

## EIGHTH CAUSE OF ACTION - LIABILITY AS THIRD PARTY INSURER UNDER MSP: LIABILITY AS HOLDER OF A LIABILITY INSURANCE POLICY OR PLAN

87.   Plaintiffs hereby incorporate by reference paragraphs one through eighty-seven as if fully set forth herein.

88.   Defendants are third party insurers under the MSP as courts have interpreted that statute from time to time.

89.   Defendants maintain liability insurance policies or are self insured, for which payments for medical costs are made once liability has been established.

90.   Defendants have liability in connection with Zetia and Vytorin. This liability is predicated on each and every count as alleged in causes of action First through Seventh of this Complaint. All such causes of action are incorporated here by reference.

91.   As a result of such liability, defendants' liability policies and / or their self insured plans are a primary plan within the meaning of 42 U.S.C. § 1395y(b)(2)(A).

92.   Defendants have an obligation to repay Medicare for all costs associated with their marketing and sale of Zetia and Vytorin because they maintain liability insurance policies as set

forth in 42 U.S.C. 1395y(b)(2)(B)(ii).

93. A private cause of action for such recovery is provided by 42 U.S.C. § 1395y(3)(A) because defendants have failed and refused to make the payments required by 42 U.S.C. § 1395y(b)(2)(A).

94. As a direct and proximate result of defendants' wrongful conduct, plaintiffs have suffered damages including health care costs that have been paid by them in an amount to be proven at trial.

95. Defendants are liable to plaintiffs jointly and/or severally for all general, special and equitable relief to which plaintiffs are entitle by law including mandatory double damages pursuant to 42 U.S.C. § 1395y(3)(A).

## NINTH CAUSE OF ACTION - PUNITIVE DAMAGES

96. Plaintiff hereby incorporates by reference paragraphs one through ninety-six as if fully set forth herein

97. The conduct of defendant was so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the clear risk of death or serious bodily injury, and merits the imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, prays for judgment against Defendants as follows:

1. For an Order, pursuant to the relevant provisions of F.R.C.P. 23, certifying the Class, and appointing Plaintiff and her undersigned counsel to represent the Class and any appropriate subclasses;

2. For the declaratory relief requested;

3. For compensatory, equitable and/or restitutionary damages according to the proof and for all applicable statutory damages under New York Gen. Bus. Law § 349 *et seq.* and under such similar statutes in effect in other states;

4. For punitive damages on causes of action One through Four;

5. For an award of attorneys' fees and costs;

6. For prejudgment interest and the costs of suit;

7. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Dated:    January 16, 2008

_____
Hunter J. Shkolnik (HS 4854)
RHEINGOLD, VALET, RHEINGOLD,
SHKOLNIK & McCARTNEY LLP
113 East 37th Street
New York, NY 10016
Tel 212-684-1880
Fax 212-689-8156
hshkolnik@rheingoldlaw.com

_____/S/_____
Nicholas J. Drakulich
THE DRAKULICH FIRM
A Professional Law Corporation
2727 Camino del Rio South,
Suite 322
San Diego, California 92108
Tel 858 755 5887
Fax 858 755 6456
njd@draklaw.com

_____/S/_____
Richard J. Arsenault
Neblett, Beard & Arsenault
2220 Bonaventure Court
Alexandria, Louisiana 71301
Tel 800 256-1050
rjamobile@nbalawfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
JOYCE B. RHEINGOLD, Individually, and on
behalf of all others similarly situated,

                                  **ATTORNEY VERIFICATION**

               Plaintiffs,

   - against -

MERCK & CO., INC. and SCHERING
CORPORATION D/B/A SCHERING-PLOUGH
CORPORATION, and MERCK/SCHERING-PLOUGH
PHARMACEUTICALS
               Defendants.
----------------------------------------X

    Hunter J. Shkolnik, an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

    I am of the firm of RHEINGOLD, VALET, RHEINGOLD, SHKOLNIK & McCARTNEY LLP, the attorneys of record for the plaintiffs.

    I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

    This verification is made by affirmant and not by plaintiffs because they are not in the County of New York, which is the County where your affirmant maintains offices.

    The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiffs, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

                                 _____
                                  HUNTER J. SHKOLNIK